IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMAL L. POE,**

                **Petitioner,**

      v.                                      **CASE NO. 04-3367-RDR**

**E.J. GALLEGOS,**

                **Respondent.**

**O R D E R**

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, a federal prisoner, proceeds pro se and in forma pauperis. He alleges the Bureau of Prisons has improperly calculated the amount of good time credits to which he is entitled under 18 U.S.C. § 3624(b).

**Background**

Petitioner is serving a sentence of 175 months following his conviction in the U.S. District Court for the Eastern District of Missouri. He has been awarded good time credit under the formula set out in Bureau of Prisons Program Statement 5880.28, Sentence Monitoring Computation Manual, and at 28 C.F.R. § 523.20.

Pursuant to that formula, the Bureau of Prisons may award a prisoner up to 54 days of good time credit for satisfactory

behavior at the end of each full year served in prison. Good time credit is prorated during the final year of a prisoner's incarceration.

Petitioner, however, seeks good time credit for each year in the term of his sentence, and he asserts that the Bureau of Prisons has not complied with the provisions of 18 U.S.C. § 3624, which states, in relevant part:

> a prisoner who is serving a term of imprisonment of more than 1 year...may receive credit toward the service of the prisoner's sentence...of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term... [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence. 18 U.S.C. § 3624(b)(1).

### Discussion

In Thompson v. Gallegos, 2005 WL 2403822 (D. Kan. September 29, 2005)(unpublished order), this court considered the same claim and concluded that the Bureau of Prisons' interpretation of 18 U.S.C. § 3624(b) is lawful.[1] In Thompson, this court adopted the position of the United States Court of Appeals for the Seventh Circuit in White v. Scibana, 390 F.3d 997 (7th Cir. 2004), which determined that the Bureau of Prisons' policy is a "reasonable interpretation of the statute". White, 390 F.3d at 1003.

The court finds no basis to distinguish the present case from

---

[1] A copy of that opinion is attached.

2

Thompson and concludes the Bureau of Prisons' calculation of good time credits in petitioner's case must be sustained.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED: This 22nd day of June, 2006, at Topeka, Kansas.

>S/ Richard D. Rogers
>RICHARD D. ROGERS
>United States District Judge